Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Tony R. Parr, Appellee.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Michael H. Collins, McNerney, Page, Vanderlin and Hall,* for appellee.

OPINION BY JUDGE ROGERS, January 21, 1981:

Tony R. Parr was charged before a District Justice of attempting to elude a pursuing police vehicle, a summary offense described in Section 3733 of the Vehicle Code, 75 Pa. C. S. §3733. He entered a guilty plea on September 28, 1977 and was sentenced to pay a fine. The District Justice permitted Parr to pay the fine in installments, which he did not complete until March 20, 1979. In neglect or disregard of the requirements of the Vehicle Code at 75 Pa. C. S. §6322 the District Justice failed to send the certification of conviction to the Department of Transportation (Department) until February, 1979.[1] After involuntarily leaving a job which did not require a driver's license, Parr found employment in which a license was required in August 1978.

The Department gave Parr notice of a six month suspension of his driver's license on March 5, 1979, to become effective April 19, 1979, in accordance with the Vehicle Code at 75 Pa. C. S. §1532(b)(1). Mr. Parr

---

[1] Section 6322(a)(1) states:

Following the fifteenth and last days of each month, every issuing authority shall prepare a statement, upon forms prescribed and furnished by the department, of all fines collected, bail forfeited, sentence imposed and final disposition for all cases on violations of any provisions of this title decided by the issuing authority in the semimonthly reporting period just concluded. The statement . . . shall be forwarded to the department within the following week.

The lower court referred to the failure of the District Justice's office to send the report as "an oversight". However, the Department in its brief states that at the time of appellee's guilty plea it was a practice of many District Justices in installment payment cases to delay sending the certification of conviction until all of the installments of the fines and costs were paid.

appealed the suspension to the Court of Common Pleas of Lycoming County which set it aside. The Department has appealed and we reverse.

The lower court overturned the suspension of Parr's license because a period in excess of eighteen months elapsed between the time of his conviction and the time the Department gave notice of suspension and because Parr in the meantime took work which required a license. The Department correctly argues that the lower court erred because the delay in issuing the notice was caused by the District Justice's failure to notify the Department of the conviction for seventeen months. Even if the Department somehow knew of Parr's conviction, it could not act until it received a certified record of his conviction. 75 Pa. C. S. §1532 (b). We have held that no delay can be chargeable to the Department before it is in receipt of the certification of conviction. *Department of Transportation, Bureau of Traffic Safety v. Kirk,* 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980); *Department of Transportation, Bureau of Traffic Safety v. Thompson,* 17 Pa. Commonwealth Ct. 505, 333 A.2d 479 (1975). Here, there was virtually no delay on the part of the Department. It received the certification of conviction in February 1979 (the day is not in the record) and gave notice on March 5, 1979.

It is not necessary to consider the Department's other arguments based on the differences between the "old" and "new" Vehicle Codes beyond noting that they too are cogent.

### Order

And Now, this 21st day of January, 1981, the order of the Court of Common Pleas of Lycoming County is reversed and the order of the Department of Transportation is reinstated.