Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Benton Franklin Wolf, Jr., Appellee.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellant.

*Michael B. Finucane, Wingerd and Long,* for appellee.

OPINION BY JUDGE CRAIG, April 29, 1982:

The Pennsylvania Department of Transportation (department) appeals an order of the Court of Common Pleas of Franklin County reversing the department's order which suspended the operator's license of auto driver Benton Franklin Wolf, Jr. for fifty-five days, under Section 1539 of The Vehicle Code, 75 Pa. C. S. §1539, which imposes a first suspension of five days for each point when "any person's record shows an accumulation of 11 points or more. . . ."

The common pleas court reversal was based upon the department's failure to prove that, as of February 5, 1979, the date on which the suspension notice was issued, the points actually assigned to this driver's record had reached a total of eleven points, actual *assignment* of points to the record being required under *Department of Transportation, Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct. 221, 224, 414 A.2d 408, 410 (1980).

There is no dispute as to the fact that this driver's record showed a net balance of five points at the end of 1978, at which time three points for each of two violations—one committed in October, 1978 (conviction in the next month) and the other in November, 1978 (conviction in the same month)—had not yet been assigned.

On February 5, 1979, the department sent the driver a notice announcing that three points "have been assigned" for the October, 1978 violation. That notice purported to impose the 55-day suspension, but it did not in any way mention or record the assignment of the final three points needed to bring to eleven the eight-point total which had theretofore been itemized in communications to the driver.

Not until February 19, 1979, two weeks later, did the department issue a notice that three more points "have been assigned," for the November, 1978 violation, thus completing the assignment of eleven points. This later notice merely called for attendance at a departmental hearing, which the driver attended without any change of situation.

We agree with the thorough analysis of Judge KELLER in the common pleas court, citing Section 1536 of The Vehicle Code, 15 Pa. C. S. §1536, which requires the department to send a notice "[w]henever points are assigned to a driver's record . . . pointing out the fact" of the assignment. Thus, the February 5 notice supplied the record below only with proof of an additional assignment of three points; the eleven-point total allegation pointed out no fact of further point assignment.

We agree with the department that the fact of assignment normally occurs *before* the notice, but we agree with the trial judge and the driver that the department here nevertheless did not prove upon hearing that eleven points had been assigned by February 5th, to justify the imposition of suspension at that point. The February 19 notice provided evidence only that the final three points required had been assigned *sometime* before February 19, not necessarily as early as February 5.

Thus Judge KELLER was right in concluding that the department's case fell short. He was also correct in rejecting the department's argument, brought up

*after* the hearing and not during it, that a cryptic computer number on the February 19 notice, "79-029," actually showed that the necessary final three points were assigned on the 29th day of the year, in January. Because the exhibit in no way spoke for itself, Judge KELLER soundly held that the Commonwealth had "the burden of proving by a qualified witness precisely what the symbols and signs on the notices mean in open court where the appellant's counsel would have an opportunity for cross-examination."

Although this court has become familiar with that computer-generated number, *see Department of Transportation, Bureau of Motor Vehicles v. Jaffee,* 65 Pa. Commonwealth Ct. 594, 442 A.2d 1253 (1982) and *Chappell v. Commonwealth,* 59 Pa. Commonwealth Ct. 504, 430 A.2d 377 (1981), our knowledge, which is not shared by every trial judge or motorist or attorney, cannot be read into every license suspension appeal record. Judicial knowledge is not the same as judicial notice permitting formal proof to be omitted, 1 Henry, *Pennsylvania Evidence* §501, at least where the fact is not part of universal awareness. The Commonwealth has the burden of proving the point computation. *Department of Transportation, Bureau of Motor Vehicles v. Shisslak,* 12 Pa. Commonwealth Ct. 168, 170, 316 A.2d 684, 685 (1974).

We affirm the common pleas court.

ORDER

Now, April 29, 1982, the order of the Court of Common Pleas of Franklin County, dated October 19, 1979, reversing the suspension, by the Department of Transportation, Bureau of Traffic Safety, of the operating privileges of Benton Franklin Wolf, Jr., is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.