624 A.2d 759

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Ida B. TURNER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 1993.

Decided April 19, 1993.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellant.

John F. Hooper, for appellee.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Beaver County which sustained the appeal of Ida B. Turner from DOT's one-year suspension of her operating privileges. The suspension was imposed due to a violation of Section 1543(c)(1) of the Vehicle Code, 75 Pa.C.S. § 1543(c)(1) (driving while under suspension).

While the trial court did not make detailed findings, the pertinent facts here are not in dispute. On November 28, 1989, Turner was pulled over by the police and cited for driving under suspension and possessing an expired registration. She appealed the citations to a District Justice and a hearing was scheduled. On the date of the hearing, however, she was unable to attend due to personal family problems and called to reschedule the hearing. For reasons not clear on the record instead of the hearing being rescheduled, Turner was convicted of the two offenses on May 4, 1990.

Unaware of this fact, Turner contacted the District Justice's office in August or September of 1990 and it was then that she first learned she had been convicted of the offenses. At that point she made arrangements to pay the fines in installments. It is important to note that because there were two convictions she was paying installments on two fines. What Turner was unable to demonstrate at the hearing was at what point in time either of the fines was completely paid off. All she could say was that she began making payments in October of 1990 and made payments at least until April of 1991. It is unclear at what point her fine for driving under suspension was completely paid and we assume, although the record is silent

on this point, that the District Justice in this case waited until all of the installments were paid before forwarding the conviction notice to DOT.[1] As will become evident later in this opinion, the record does not disclose exactly when DOT received the notice. In any event, by letter dated November 28, 1991 DOT informed Turner that her operating privileges were being suspended for one year for driving under a suspension.

Turner then appealed to the common pleas court contending that she was prejudiced by the delay between the date of her conviction (May 4, 1990) and the date on which she received notice of the suspension (November 28, 1991). Two hearings were held. In the first hearing it became apparent that at that point DOT was not prepared to state on what date it received the certified notice of conviction from the District Justice's office. Accordingly, the trial court granted a continuance in order for DOT to obtain this date. At the continued hearing, DOT did not present any witnesses to testify when it had received notice from the District Justice's office. Instead, the attorney for DOT explained that a number stamped across the top of the citation could be used to determine *approximately* when DOT received notice of the conviction. The trial court refused to take judicial notice of any approximate date of receipt. Because DOT had presented no direct evidence on when it had received the notice and because the trial court found that Turner had been prejudiced by the nineteen-month delay it sustained Turner's appeal. Thereafter, DOT appealed to this Court.

On appeal, DOT contends that the trial court erred in refusing to judicially notice or otherwise credit the number DOT stamped on the notice of conviction which purportedly bears the appropriate date it received the District Justice's notice of conviction and further contends the trial court erred in finding that Turner was prejudiced by the nineteen-month delay.

1. We have previously criticized this practice. *See Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa.Commonwealth Ct. 203, 424 A.2d 604 (1981).

First, we recognize that judicial delay as opposed to administrative delay cannot be held against DOT for purposes of determining whether there was an unreasonable delay in imposing a suspension. *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa.Commonwealth Ct. 151, 510 A.2d 148 (1986), *petition for allowance of appeal denied,* 515 Pa. 587, 527 A.2d 546 (1987). DOT is chargeable with delay only from the point when it receives the certificate of conviction. *Id.* It is the Department's burden to prove that delay was caused not by administrative inaction but by some other factor not chargeable to DOT. *See Department of Transportation, Bureau of Traffic Safety v. Loughin,* 118 Pa.Commonwealth Ct. 236, 549 A.2d 609 (1988).

The trial court held that the Commonwealth had failed to provide it with evidence of the date it received notice from the District Justice's office. As the trial judge explained, without such evidence he could not determine what portion of the delay from May 4, 1990 to November 28, 1991 was attributable to DOT, and hence, all time had to be charged against it.

DOT argues that the trial court committed legal error by not accepting its explanation of the number on the citation as evidencing the approximate date of receipt. It relies on *Department of Transportation v. Jaffe,* 65 Pa.Commonwealth Ct. 594, 442 A.2d 1253 (1982), and *Chappell v. Commonwealth,* 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981), where the Department's use of an operator's reference number was employed. In *Jaffe* the number in question was 79–002, a number which easily can be understood as referring to the second day of 1979. In *Chappell* the number at issue was 78–156, again a number which could easily be understood as meaning the 156th day of 1978.[2]

In the instant case the number at issue is "912548437000189/00." There are no dashes or separations which might assist a lay person in determining that a date is contained therein. Even the attorney for DOT could not

2. In *Chappell* this issue was discussed only in dicta.

explain what all of the numbers meant. Thus, we see no error in the trial court's refusal to judicially note or otherwise credit DOT's method of dating incoming mail.

■ Having thus determined that the entire nineteen-month delay must be attributable to DOT, the next question is the legal issue of whether nineteen months is, as matter of law, an unreasonable delay. The courts have interpreted the law as requiring the Department to act within a reasonable time in sending out notices of a suspension. *Lemley v. Department of Transportation*, 97 Pa.Commonwealth Ct. 469, 509 A.2d 1380 (1986), *petition for allowance of appeal denied*, 514 Pa. 620, 521 A.2d 934 (1987). A six-year delay has been held to be too long. *See Howarth v. Department of Transportation*, 124 Pa.Commonwealth Ct. 39, 555 A.2d 285 (1989). Conversely, a five-month delay has been deemed reasonable. *Department of Transportation v. Russo*, 96 Pa.Commonwealth Ct. 187, 506 A.2d 1349 (1986). It is clear that what constitutes a reasonable time will depend upon the circumstances of each individual case. *Lemley.* In this case DOT made absolutely no effort to comply with the trial court's request to submit evidence demonstrating when it had received the District Justice's conviction. Thus, the entire nineteen-month delay is attributable to it. We believe that such delay is unreasonable and would note that if it in fact received the notice when it claimed (September 11, 1991) it would have been only a two-and-one-half-month delay; clearly a reasonable period.

■ The law is clear, however, that unreasonable delay alone is not enough to overturn a suspension. The licensee must demonstrate that she has suffered prejudice as a result of the delay. *Department of Transportation, Bureau of Traffic Safety v. Maguire*, 114 Pa.Commonwealth Ct. 581, 539 A.2d 484 (1988). Prejudice is shown when the licensee is able to demonstrate that she changed her circumstances to her detriment in reliance upon her belief that her operating privileges would not be impaired. *Department of Transportation, Bureau of Traffic Safety v. Lyons*, 70 Pa.Commonwealth Ct. 604, 453 A.2d 730 (1982).

■ The trial court in this case found that Turner had sustained that burden. Review of the record shows that Turner had left employment in Beaver County subsequent to her conviction, but before receiving notice of her suspension, in order to accept a better paying position in Pittsburgh. At the time she accepted the position in August of 1990 she was unaware that her license would be suspended. She further testified that public transportation was not available with regard to her commute. And, she explained that she is responsible for all transportation for two ailing parents. We believe that this evidence is sufficient to demonstrate prejudice. *Accord Department of Transportation v. Hosek*, 3 Pa.Commonwealth Ct. 580, 284 A.2d 524 (1971) (licensee who relied upon DOT's inaction and changed jobs to become a truck driver demonstrated requisite prejudice).

Affirmed.

## ORDER

NOW, April 19, 1993, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is hereby affirmed.