**Robert T. GROVER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 1999.

Decided July 26, 1999.

Craig A. Sopin, Philadelphia, for appellant.

Marc A. Werlinsky, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Robert T. Grover (Grover), appeals from an order of the Court of Common Pleas of Montgomery County (trial court), dismissing his appeal of the Department of Transportation, Bureau of Driver Licensing's (DOT) decision to suspend his license for a period of one year, as a result of his conviction pursuant to Section 3731 of the Vehicle Code (Code), 75 Pa.C.S. § 3731, driving under the influence.[1] We reverse and remand.

On March 12, 1996, Grover was convicted of driving under the influence pursuant to Section 3731 of the Code. The Clerk of the Philadelphia County Court of Common Pleas certified the conviction on July 18, 1996. However, DOT did not mail notice of Grover's license suspension until February 9, 1998. Grover then appealed this action to the trial court.

A hearing *de novo* was held on August 31, 1998. At the hearing, Grover argued that the delay in imposing his sentence was unreasonable and prejudicial to him. In response, DOT asserted that it was not responsible for the delay, arguing that it did not receive the conviction certification until February 2, 1998, based on the certification's Work Identification Device (WID) number.[2]

Citing *Fordham v. Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 868, 871 (Pa.Cmwlth.1995), the trial court concluded that the delay in reporting Grover's conviction rested with

---

1. 75 Pa.C.S. § 1532(b)(3) discusses license suspensions and provides as follows:

   The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer) or an adjudication of delinquency based on section 3731 or 3733.

2. This number appears on the notice of conviction as follows, "98033 6123 005357." (R. at Item 10, Exhibit 2).

the Clerk of the Philadelphia County Court of Common Pleas, not DOT. Consequently, the trial court dismissed Grover's appeal.

■ On appeal to this Court,[3] Grover argues that the trial court erred in denying his appeal. Specifically, he contends that the delay in suspension is attributable to DOT, that the delay was clearly unreasonable and that he was prejudiced by the delay.

On numerous occasions, this Court has faced factual scenarios similar to the one presently before us, i.e., a licensee asserts that he has suffered a prejudicial delay between his conviction and his license suspension. We note, however, that there appears to be some confusion regarding which party has the burden of providing proof of the delay.

For example, in the case of *Department of Transportation v. Turner*, 155 Pa. Cmwlth. 106, 624 A.2d 759 (1993), we stated that, "It is the Department's burden to prove that delay was caused not by administrative inaction but by some other factor not chargeable to DOT." *Turner*, 624 A.2d at 761. Nevertheless, in the more recent case of *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa.Cmwlth.1998), we stated that in order for a licensee to successfully challenge a license suspension, he "bears the burden of establishing: (1) that there was an unreasonable delay that was attributable to DOT; and (2) that the delay caused [the licensee] to believe that [his] operating privileges would not be impaired

and that [he] relied on this belief to [his] detriment." *Pokoy*, 714 A.2d at 1164.

■ Although these cases may at first glance appear to be in conflict, we believe that they can nonetheless be harmonized. Clearly, in an appeal from a license suspension, DOT has the burden of proving a licensee's underlying conviction. *Department of Transportation, Bureau of Driver Licensing v. Meckler*, 160 Pa.Cmwlth. 609, 635 A.2d 718 (1993). When a licensee challenges such a suspension by offering the defense of delay, we conclude that DOT must then prove that the delay was caused not by administrative inaction but by some other factor not chargeable to DOT. *Turner*.[4]

In the event that DOT meets this burden, the licensee's appeal should then be dismissed. However, if DOT fails to set forth the requisite proof, the burden then returns to the licensee to prove that he has suffered prejudice as a result of the delay. *Pokoy; Turner*.

In clarifying these burdens, we have not changed the manner in which evidence has heretofore been presented in suspension proceedings involving delay. *See e.g., Fordham* (*DOT* was the party to present evidence regarding the date the notice of conviction was received). Clearly, it would be illogical to force a licensee to prove at what time DOT received the notice of conviction. Because DOT has more ready access to the resources necessary to prove this crucial point, and has attempted to present such evidence in this and other suspension hearings, we do not believe that we are articulating a new rule of law.

---

3. Our standard of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether it committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Driver Licensing v. DiMichele*, 133 Pa.Cmwlth. 496, 575 A.2d 678 (1990).

4. DOT will be chargeable only with delay occurring after it received the certification of conviction. *Department of Transportation,*

*Bureau of Traffic Safety v. Parr*, 56 Pa. Cmwlth. 203, 424 A.2d 604 (1981). A delay that is attributable to the judicial system and not to DOT, such as the failure of a clerk of courts to certify the conviction to DOT in a timely manner, cannot serve as the basis for the invalidation of a license revocation. *Department of Transportation, Bureau of Driver Licensing v. Green*, 119 Pa.Cmwlth. 281, 546 A.2d 767 (1988), *affirmed*, 524 Pa. 98, 569 A.2d 350 (1990).

Instead, we are merely setting forth, with greater clarity, what has been the practice to date.

■ With these factors in mind, we turn to the facts of the instant action. Here, DOT proved Grover's underlying conviction by introducing the conviction certification to the trial court. Because Grover argued that the delay in receiving his notice of suspension was unreasonable, DOT had the additional burden of proving it was not responsible for the delay. We conclude that DOT did not meet its burden.

■ After introducing the conviction certification as evidence, DOT failed to present testimony explaining the use and significance of WID numbers. Instead, DOT relied on its attorney's explanation of the use of WID numbers.[5] However, it is well-settled that an attorney's statements or questions at trial are not evidence. *Commonwealth v. LaCava,* 542 Pa. 160, 666 A.2d 221 (1995).

■ Furthermore, we do not believe that the trial court could properly have taken judicial notice of the meaning of the WID number. In *Department of Transportation, Bureau of Traffic Safety v. Wolf,* 66 Pa.Cmwlth. 334, 444 A.2d 811, 812 (1982) (citations omitted), this Court discussed computer-generated numbers like the ones at issue, stating:

> Although this court has become familiar with that computer-generated number, ... our knowledge, which is not shared by every trial judge or motorist or attorney, cannot be read into every license suspension appeal record. Judicial

knowledge is not the same as judicial notice permitting formal proof to be omitted, ... at least where the fact is not part of universal awareness.

Similarly, in *Turner,* this Court held that the trial court's refusal to take judicial notice of DOT's use of WID numbers was correct because DOT had presented no direct evidence as to when it had received the notice of conviction. As in the instant case, DOT did not present any witnesses to testify regarding when it received the notice and DOT's attorney's explanation of the meaning of the WID number was found to be insufficient.

We note that in *Fordham,* the WID number was utilized in determining when DOT received the notice of conviction. However, in that case, DOT presented the testimony of an employee who receives the notices of conviction to explain DOT's practice of using WID numbers. Under such circumstances, it was not improper for the trial court to utilize the WID number in reaching its decision.

Presently, we conclude that the trial court erred in finding that DOT satisfied its burden of proving that the delay in notifying Grover of his license suspension was not chargeable to DOT. Having reviewed the notice of conviction, we believe that the meaning of the WID number was not obvious and that the trial court erred in accepting DOT's attorney's explanation of the WID number as evidence. Because DOT failed to present any direct evidence on this issue, the order of the trial court is reversed and the matter is remanded to

---

5. The record contains the following:

Mr. Pastore:
Your Honor, again, that number—it operates by Julian calendar. That's how the Department tracks when they receive documents. Now, again, the way the WID Number works is that when the Department receives a document such as a conviction record, that number is created and put on top of the document as a way of tracking when they receive that document. That is the way the WID Number operates.

...
Well Your Honor, the 98, of course, is the year in which it's received. And the 33 indicates the 33rd day of 1998, which would be, I guess, sometime at the end of January, beginning of February of '98. Whatever the 33rd day of '98 is.
The point is that it was not received until '98 and not '96, as counsel argues, so that even though there is a delay, under the case law, it's not attributable to the Department. And that's the argument.
(See Record at Item No. 10, pages 10–11).

the trial court for findings of fact as to whether Grover was prejudiced by the delay.

## *ORDER*

AND NOW, this 26th day of July, 1999, the order of the Court of Common Pleas of Montgomery County (trial court) is REVERSED. The matter is REMANDED to the trial court for further findings consistent with this opinion.

Jurisdiction relinquished.

Judge PELLEGRINI dissents.