Nicholas Sylvester CIACCIA, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 15, 2001.

Decided Aug. 20, 2001.

Mark M. Mehalov, Uniontown, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before DOYLE, President Judge, SMITH, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Nicholas Sylvester Ciaccia (Licensee) appeals from the order of the Court of Common Pleas of Fayette County (trial court) which dismissed his statutory appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department) in conformity with Section 1532(d) of the Vehicle Code, 75 Pa.C.S. § 1532(d). We affirm.

On July 17, 1999, Licensee was cited under 18 Pa.C.S. § 6308 for purchasing, consuming, possessing or transporting alcohol as a minor. Licensee was convicted by a District Justice on July 26, 1999. This was Licensee's first conviction. On June 28, 2000, eleven months after Licensee's conviction, the District Justice signed the suspension of operating privileges form and forwarded it to the Department.

On August 24, 1999, after Licensee's first conviction but before his license was suspended, he was cited again for violation of the same statute, 18 Pa.C.S. § 6308. Another District Justice convicted Licensee for the second violation on March 1, 2000. This was Licensee's second offense. The suspension of operating privileges form was signed by the District Justice and forwarded to the Department on March 31, 2000.

■ Section 1532(d) of the Vehicle Code states:

d) Additional suspension.—The department shall suspend the operating privilege of any person *upon receiving a certified record of the driver's conviction*

.... for a violation under 18 Pa.C.S. § 6307 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card). The duration of the suspension shall be as follows:

(1) For a first offense, the department shall impose a suspension for a period of 90 days.

(2) For a second offense, the department shall impose a suspension for a period of one year.

....

75 Pa.C.S. § 1532(d) (emphasis added). The Department received the suspension form for the *second* conviction *before* it received the suspension form for the *first* conviction. Consequently, on April 13, 2000, the Department notified Licensee that his operating privileges would be suspended for 90 days because of the conviction on March 1, 2000 (the second conviction). The Department subsequently received the suspension form for the first conviction and suspended Licensee's operating privileges for one year. Licensee appealed the one-year suspension to the trial court and argued that the suspension for the first conviction was limited to 90 days under the statute. The trial court denied Licensee's appeal and found that the suspension was proper regardless of the order of the underlying convictions.

Licensee raises two issues before us. He first contends that the length of the suspension is dependent on the order of conviction and not when the Department received notice of the conviction. Licensee argues that his *second conviction* on March 1, 2000 was also his *second offense* under Section 1532(d). By definition then, his *first conviction* on July 26, 1999 must

be his *first offense* under Section 1532(d). The Department, therefore, erred because it considered his first conviction as his second offense for purposes of suspending his license for one year.

■ We disagree with Licensee's analysis. The statute clearly states that before the Department can suspend a person's operating privilege, the Department must first receive a certified record of the driver's conviction. Receipt of this record is a condition precedent to imposition of a suspension under Section 1532(d). It is the order in which the *Department receives* the conviction that determines whether the violation is deemed a first or subsequent offense.[1] To conclude otherwise would require the Department to investigate whether a licensee has other relevant, outstanding convictions and toll the suspension until the Department has received a certified record of the other conviction in the order the convictions occurred.

■ Licensee's remaining contention is that the trial court erroneously concluded that the Department met its burden of proof in demonstrating that the eleven month delay in the suspension was not chargeable to the Department. In *Grover v. Department of Transportation, Bureau of Driver Licensing*, 734 A.2d 941 (Pa. Cmwlth.1999), this Court clarified the burden of providing proof of the delay. We stated:

When a licensee challenges such a suspension by offering the defense of delay, we conclude that DOT must then prove that the delay was caused not by administrative inaction but by some other factor not chargeable to DOT. [*Department of Transportation v.] Turner*, [155 Pa. Cmwlth. 106, 624 A.2d 759 (1993)]. In

the event that DOT meets this burden, the licensee's appeal should then be dismissed. However, if DOT fails to set forth the requisite proof, the burden then returns to the licensee to prove that he has suffered prejudice as a result of the delay. *Pokoy [v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa.Cmwlth. 1998)]; *Turner*.

*Id.* at 943 (footnote omitted). We find Licensee's argument to be without merit. First, Licensee stated to the trial court that "the delay is totally immaterial here." N.T. at 10, R.R. at 16a; *see also* Appellant's Brief at 9 ("Mr. Ciaccia did not raise Department delay as a defense because it was immaterial."). This waiver, however, is not the only basis for our conclusion. Licensee characterizes the delay issue as "the crux of the trial court's denial of Mr. Ciaccia's appeal....". Appellant's Brief at 9. We do not agree. The trial court's reference to the delay was only an attempt to explain why the Department received the convictions in reverse chronological order. Moreover, Licensee had offered no testimony or evidence at the hearing to prove that he was prejudiced by the delay. *See Grover*, 734 A.2d at 943.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of August, 2001 the order of the Court of Common Pleas of Fayette County which dismissed the statutory appeal of Nicholas Sylvester Ciaccia from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing in conformity with Sec-

---

1. We note that Licensee's convictions do not arise from a single criminal episode. Further, Licensee was convicted on the first vio-

lation of 18 Pa.C.S. § 6308 before he committed the second violation.

tion 1532(d) of the Vehicle Code, 75 Pa. C.S. § 1532(d) is hereby affirmed.