# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristoffer Orwig                :
                                      :
           v.                    :    No. 286 C.D. 2015
                                        :    SUBMITTED: April 29, 2016
Commonwealth of Pennsylvania,   :
Department of Transportation,      :
Bureau of Driver Licensing,        :
                     Appellant    :


**BEFORE:**    **HONORABLE ROBERT SIMPSON,** Judge
                   **HONORABLE ANNE E. COVEY,** Judge
                   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: June 3, 2016**


        The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Lycoming County sustaining the statutory appeal of Licensee, Kristoffer Orwig, from a one-year suspension of his operating privilege imposed by the Department pursuant to its receipt of a report of a ten-year old conviction from the York County Clerk of Courts for violation of Section 3802(d)(1)(i) of the Vehicle Code (Code), 75 Pa. C.S. § 3802(d)(1)(i), driving under the influence of a Schedule I controlled substance. In support of its decision to sustain Licensee's statutory appeal, common pleas cited the ten-year delay in imposing the suspension and the Department's knowing reliance on the flawed system of the York County

Clerk of Courts to provide it with records of conviction in a timely manner pursuant to Section 6323(1)(i) of the Code.[1]   Based on our determination that the present case satisfies the extraordinary circumstances exception for the invalidation of an operating privilege suspension as set forth in our recent decision in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, ___ A.3d ___ (Pa. Cmwlth., No. 748 C.D. 2015, filed March 30, 2016), we affirm.[2]

The pertinent background is as follows.   After its October 2014 receipt of Licensee's May 14, 2004, record of conviction from the York County Clerk of Courts, the Department by official notice dated and mailed November 4, 2014, advised Licensee that his operating privilege was being suspended for one year, effective December 9, 2014, as a consequence of his conviction for violating

---

[1] Section 6323(1)(i) of the Code provides as follows:

### § 6323.  Reports by courts

Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursuant to Title 42 (relating to judiciary and judicial procedure):

(1) The following shall apply:

(i) *The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges* under any of the provisions of this title or under section 13 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, including an adjudication of delinquency or the granting of a consent decree, *shall send to the department a record of the judgment of conviction, acquittal or other disposition*.

75 Pa. C.S. § 6323(1)(i) (emphasis added).

[2] Due to his failure to file a brief within the prescribed time period, this Court precluded Licensee from filing a brief in this matter.

2

Section 3802 of the Code on March 1, 2004.[3] Licensee's *pro se* statutory appeal followed.[4]

At the February 2015 *de novo* hearing before common pleas, counsel for the Department acknowledged the statewide issue regarding the York County Clerk of Court's untimely report of convictions to the Department and expressed sympathy with Licensee's position. Counsel nonetheless argued that, because the ten-year delay was not attributable to the Department, the court should uphold Licensee's suspension in accordance with established case law.[5] In response, Licensee raised a statute of limitations defense and represented to the court that, regardless of the locus of fault, he would be prejudiced by the suspension. Specifically, Licensee stated: "My life is completely different from what it was ten years ago. Maybe losing my license then wouldn't have really mattered much, but

---

[3] As the Department acknowledges in its brief, its notice incorrectly referenced May 14, 2014, as the date of conviction and not May 14, 2004. February 3, 2015, Hearing, Commonwealth Exhibit No. C-1; Reproduced Record (R.R.) at 25a. Licensee, who appeared *pro se* before common pleas at the *de novo* hearing, did not object to the admission of the Department's exhibit. There is no dispute, however, that the conviction occurred in May 2004 and, indeed, the exhibit also includes a report from the Clerk of Courts reflecting a 2004 conviction date and the Department's October 2014 receipt of that report. *Id*. at 27a.

[4] Pursuant to Section 1550(b)(1)(i) of the Code, 75 Pa. C.S. § 1550(b)(1)(i), the Department afforded Licensee the automatic supersedeas that, with few exceptions, accompanies a statutory appeal. February 3, 2015, Hearing, Commonwealth Exhibit No. C-1; R.R. at 34a.

[5] In *Terraciano v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 233, 236 (Pa. 2000), the Court held that, in order to sustain an appeal of a license suspension based on delay, a licensee must establish that: (1) an unreasonable delay chargeable to the Department led the licensee to believe that his operating privilege would not be impaired; and (2) prejudice would result in having the licensee's operating privilege suspended after that delay. Once a licensee raises the delay defense, the Department must then establish that the delay was caused by something other than administrative inaction. *Grover v. Dep't of Transp., Bureau of Driver Licensing*, 734 A.2d 941, 943 (Pa. Cmwlth. 1999). As a general rule, if the Department satisfies this burden, then the licensee's appeal should be dismissed. *Id*. If it does not meet this burden, then the burden shifts to the licensee to establish prejudice. *Id*.

now it's pretty important.  And that's why I'm here."  February 3, 2015, Hearing, Notes of Testimony (N.T.) at 4; Reproduced Record (R.R.) at 14a.

In sustaining Licensee's appeal, common pleas determined that it was unreasonable for the Department to have persisted in relying on York County's flawed system and to have applied suspensions without regard to the passage of time or prejudice to the licensees, when it "was well aware of the break down [sic] in the system of waiting for the York County Clerk of Courts to supply convictions to the Department."  April 28, 2015, Opinion of Common Pleas at 3.  Common pleas, therefore, determined that the ten-year delay in imposing the suspension was attributable to the Department.  Moreover, taking into consideration the fact that Licensee had maintained a clean driving record for over eight years, thereby demonstrating that he had dramatically improved his behavior, the court credited his testimony that he would be prejudiced by the loss of his license over ten years after the conviction at issue.  Employing slightly different reasoning and based on our holding in *Gingrich*, we agree that the untimely suspension was not warranted.[6]

In *Gingrich*, the Department there, as here, attempted to impose a license suspension upon its receipt of a ten-year-old conviction from the York County Clerk of Courts.  Although it found the Clerk's delay truly unconscionable, the court of common pleas of the county in which the licensee filed her appeal nonetheless reinstated the license suspension in accordance with the well-established general rule requiring the dismissal of a license suspension appeal when the delay cannot be attributed to the Department.  We reversed, emphasizing

---

[6] This Court may affirm common pleas on different grounds where its result is correct and the basis on which we affirm is clear from the record.  *Rabenold v. Zoning Hearing Bd.*, 777 A.2d 1257, 1263 n.7 (Pa. Cmwlth. 2001).

the ongoing applicability of the aforementioned general rule but recognizing an extraordinary circumstances exception thereto. Specifically, we concluded that the record demonstrated the requisite extraordinary circumstances for invalidating an operating privilege suspension that had "lost the underlying public safety purpose and now simply [was] a punitive measure sought to be imposed too long after the fact." *Gingrich*, ___ A.3d at ___, slip op. at 12. In support of this exception, we cited the ten-year gap between the conviction at issue and the suspension, the absence of additional driving-related issues since Gingrich's last conviction and her credible testimony regarding the prejudice she would suffer if the Department implemented the suspension. Accordingly, we determined that the presence of extraordinary circumstances merited Gingrich's requested relief.

In the present case, we likewise conclude that the invalidation of the suspension is warranted, albeit on slightly different grounds than those on which common pleas relied. Contrary to common pleas' determination, it is clear that the ten-year delay was attributable to the York County Clerk of Courts. As the record reflects, the Clerk electronically transmitted a certified record of Licensee's May 2004 conviction to the Department in October 2014, and the Department's Bureau of Driver Licensing timely sent Licensee a suspension notice in November 2014. To this extent, the present case is analogous to *Gingrich* in that it, too, satisfies the extraordinary circumstances exception to the general rule that only delays attributable to the Department be vacated. As in *Gingrich*, the Clerk in the instant case did not report the conviction at issue for an extraordinarily extended period of time, the licensee's driving record was devoid of further violations for a significant number of years preceding the report, and the licensee was able to demonstrate

5

prejudice.[7]   Therefore, regardless of attribution of delay, common pleas' invalidation of the license suspension was proper.

Accordingly, we affirm.[8]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[7] We reject the Department's argument that Licensee failed to establish prejudice. Common pleas found credible his testimony that his life is now completely different than in May 2004, that his license is important to him and that losing it would matter more now than it would have mattered ten years ago. In support of its credibility finding, common pleas further noted that Licensee did not have any driving infractions after 2007. Thus, contrary to the Department's contention, the fact that Licensee did not testify with more specificity regarding detrimental reliance on the delay is of no moment.

[8] In concluding that *Gingrich* controls the present case, we echo our observation therein that we are not creating a bright-line rule regarding the requisite number of years that will trigger sufficient prejudice for sustaining a licensee's statutory appeal due to delay. *Id*. at ___, slip op. at 13 n.7. In addition, we reiterate that the specific circumstances of each case must be considered and that such relief is limited to extraordinary circumstances.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kristoffer Orwig | : | |
| | : | |
| v. | : | No. 286 C.D. 2015 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

## **O R D E R**

AND NOW, this 3rd day of June, 2016, the order of the Court of Common Pleas of Lycoming County is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge