IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Eckenrode | : | |
| | : | |
| v. | : | No. 168 C.D. 2015 |
| | : | Submitted: April 29, 2016 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: July 14, 2016

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Berks County (trial court) that sustained the statutory appeal of Kevin Eckenrode (Licensee) from a six-month suspension of his operating privileges imposed by PennDOT pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c). Because Licensee meets the extraordinary circumstances exception recently set forth in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016), we affirm.

On May 17, 2005, Licensee was convicted in York County of violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. §780-113(a)(30) (relating to illegal manufacture, delivery or possession with intent to manufacture or deliver a controlled

substance).[1]  Nine years later, on September 25, 2014, PennDOT notified Licensee that his operating privilege was being suspended for six months effective October 30, 2014, in accordance with Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c),[2] as a consequence of his 2005 drug conviction.  Licensee appealed the license suspension to the trial court.

At a hearing on January 13, 2015, PennDOT offered into evidence a packet of certified documents related to Licensee's suspension.  One of the documents certified that the York County Clerk of Courts electronically transmitted the record of Licensee's 2005 conviction to PennDOT on September 17, 2014.  Reproduced Record at 18a (R.R. __).  PennDOT mailed the notice of suspension to Licensee on September 25, 2014.

Licensee did not dispute the fact of his drug conviction but testified that he had reformed himself.  Since 2005, Licensee has married, had children, and obtained a real estate license.  He expressed concern over the impact losing his license could have on his two jobs, his real estate license, and his ability to provide for his family.  He also feared the consequence of losing his automobile insurance.

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144.

[2] Section 1532(c) states, in relevant part:

> (c) Suspension.--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state ….
>
>> (1) The period of suspension shall be as follows:
>>
>>> (i) For a first offense, a period of six months from the date of the suspension.

75 Pa. C.S. §1532(c)(1)(i).

At the conclusion of the hearing the trial court sustained Licensee's appeal. In its opinion, the trial court acknowledged that the delay in Licensee's case was attributable to the York County Clerk of Courts and not to PennDOT. The trial court also acknowledged prior court decisions holding that a clerk of courts' delay will not invalidate an otherwise valid license suspension because PennDOT cannot be held accountable for the actions of clerks of courts in discharging their administrative duties. *See, e.g.*, *Department of Transportation, Bureau of Driver Licensing v. Green*, 546 A.2d 767 (Pa. Cmwlth. 1988). Nevertheless, the trial court declined to follow this precedent, opining that "[t]his case presents a clear case of laches that should bar the Commonwealth from suspending [Licensee's] license." Trial Court opinion at 3. The trial court also cited the undue and inequitable hardship the license suspension will have on Licensee. PennDOT now appeals.

On appeal, PennDOT argues that the trial court erred in sustaining Licensee's appeal where PennDOT notified Licensee of the suspension eight days after it received the report of his Drug Act conviction. PennDOT also asserts that the trial court's reliance upon the doctrine of estoppel by laches is inapposite because the "complaining party," *i.e.*, PennDOT, did not delay in taking any action.

As acknowledged by the trial court, it has long been established that a delay by a clerk of courts in reporting a conviction cannot be held against PennDOT. For example, in *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998), a licensee challenged her suspension that was imposed after the clerk of courts waited four years to notify PennDOT of her DUI conviction. The licensee argued that "four years was an

3

unreasonably long delay and that she has been prejudiced by the delay." *Id.* at 1164. This Court concluded that a prejudicial delay could be relevant but only where the delay was attributable to PennDOT. We set up a two-prong test:

> In order for [Licensee] to successfully challenge [PennDOT's] license suspension, she bears the burden of establishing: (1) that there was an unreasonable delay *that was attributable to [PennDOT];* and (2) that the delay caused her to believe that her operating privileges would not be impaired and that she relied on this belief to her detriment.

*Id.* (emphasis in original). To meet the first prong

> the law is settled that, where [PennDOT] is not guilty of administrative delay, *any delay caused by the judicial system (e.g., the Clerk of Courts)* not notifying [PennDOT] in a timely manner, *will not invalidate a license suspension* that is authorized by the Code and imposed by [PennDOT]. *Fordham v. Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 868 (Pa.Cmwlth.1995); [and *Green*]. In determining whether there was an unreasonable delay attributable to [PennDOT], the relevant time period is that between the point at which [PennDOT] receives notice of the driver's conviction from the judicial system and the point at which [PennDOT] notifies the driver that her license has been suspended or revoked. *Fordham.* In other words, only an unreasonable delay by [PennDOT], and not the judicial system, invalidates [PennDOT's] license suspension.

*Id.* (emphasis added). Because the licensee could not meet the first prong of the two-part test, this Court upheld the license suspension.

Although *Pokoy* remains good law, this Court recently recognized a narrow exception to the rule where the delay in the suspension has been extraordinary, and the delay is not the responsibility of PennDOT. In *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016), the licensee was convicted in 2004 of violating 75 Pa. C.S. §3802

4

(relating to driving under influence of alcohol or controlled substance). In 2014, PennDOT imposed a one-year license suspension for the 2004 conviction. The ten-year delay was attributable to the York County Clerk of Courts, who did not notify PennDOT of the licensee's 2004 conviction until October 10, 2014. Once PennDOT received such notice, it timely notified the licensee of the one-year suspension of her operating privilege within 14 days.

The licensee appealed the suspension, arguing that the ten-year delay between her conviction and the license suspension resulted in a denial of due process. The trial court found the delay to be unconscionable, but it adhered to the above-cited precedent requiring that the delay be attributable to PennDOT in order to warrant vacating the suspension. On appeal, this Court reaffirmed the unreasonable delay rule but concluded that there may be limited circumstances where a license suspension should be vacated even if the delay is not attributable to PennDOT. Accordingly, we recognized an exception to the general rule, holding that

> [w]here a conviction is not reported for an extraordinarily extended period of time, the licensee has a lack of further violations for a significant number of years before the report is finally sent, and is able to demonstrate prejudice, it may be appropriate for common pleas to grant relief.

*Gingrich*, 134 A.3d at 534. We expressly declined to create a bright-line rule for determining when a delay is "extraordinary," noting that it must be determined on a case-by-case basis. We observed that the extraordinary circumstances exception is narrow and applicable only where the suspension loses its public protection rationale and simply becomes an additional punitive measure resulting from the conviction, but imposed long after the fact. *Id.* at 535.

5

In *Gingrich*, this Court noted that the licensee had reformed her life after her 2004 DUI conviction by obtaining associate's and bachelor's degrees, securing a job as an inspector for the United States Department of Agriculture, and getting married and having a daughter. The licensee testified that losing her license would result in the loss of her job, which required her to drive to farms around the state, and would prevent her from driving her daughter to school. The licensee also had no relevant Vehicle Code violations since 2006. In light of these facts, we concluded that the licensee had demonstrated sufficient extraordinary circumstances to warrant vacating her license suspension.

Applying the three-part *Gingrich* exception to the case *sub judice*, we conclude that Licensee is also entitled to relief. First, Licensee's conviction under the Drug Act in 2005 was not reported to PennDOT until 2014. A period of nine years between conviction and reporting constitutes an extraordinarily extended period of time.[3] Second, Licensee's only brush with the law since 2005 has been a single speeding ticket. Third, PennDOT does not dispute that Licensee will be prejudiced by the delay in imposing the operating suspension. Similar to the licensee in *Gingrich*, Licensee reformed himself after his 2005 conviction: he got married, had children and obtained a real estate license. Licensee currently works two jobs, and losing his license now would impair his ability to provide for his family and may cause him to lose his automobile insurance. In sum, Licensee has

---

[3] While there is no bright-line test for determining that a delay is extraordinary, this Court has found a period of ten years between conviction and reporting to meet the standard. *Gingrich*, 134 A.3d at 535 n.7. *See also Orwig v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth., No. 286 C.D. 2015, filed June 3, 2016) (applying the *Gingrich* exception where ten years elapsed between conviction and reporting of conviction to PennDOT).

satisfied the requirements of the limited *Gingrich* exception and vacation of his license suspension is warranted.

For all of the foregoing reasons, we affirm the trial court's order, albeit on different grounds.[4]

_____
MARY HANNAH LEAVITT, President Judge

---

[4] The trial court's reliance upon the doctrine of laches was misplaced. The party asserting estoppel by laches "must establish a delay arising from the complaining party's failure to exercise due diligence and prejudice to the asserting party resulting from the delay." *Reform Congregation Oheb Sholom v. Berks County Board of Assessment Appeals*, 839 A.2d 1217, 1221 n.3 (Pa. Cmwlth. 2004). Here, the "complaining party," *i.e.*, PennDOT, exercised the requisite due diligence by responding to the report of Licensee's conviction within eight days. Any prejudice to Licensee was caused by a different entity, *i.e.*, the clerk of courts, over which PennDOT, as an executive branch agency, exercises no control or authority. Accordingly, estoppel by laches is inapplicable, and this Court affirms the result of the trial court based on the exception recognized in *Gingrich*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Eckenrode                :
                                  :
           v.              :    No. 168 C.D. 2015
                                    :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
               Appellant     :

# **O R D E R**

AND NOW, this 14th day of July, 2016, the order of the Court of the Common Pleas of Berks County in the above-captioned matter filed January 16, 2015, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge