Ray RABENOLD; Tam Realty, Inc.; Frank DePaulo and Frank DePaulo, Jr.,

v.

ZONING HEARING BOARD OF THE BOROUGH OF PALMERTON and Arthur R. Schisler and Fannie A. Schisler,

Frank DePaulo and Frank DePaulo, Jr., Appellants.

Arthur Schisler,

v.

Zoning Hearing Board of the Borough of Palmerton and Ray Rabenold; Tam Realty, Inc.; Frank DePaulo and Frank DePaulo, Jr.

Frank DePaulo and Frank DePaulo, Jr., Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.

Decided June 5, 2001.

James G. Kellar, Allentown, for appellants.

Alfred S. Pierce, Nazareth, and Gary F. Dobias, Jim Thorpe, for appellees.

Before DOYLE, President Judge, PELLEGRINI, Judge, and RODGERS, Senior Judge.

DOYLE, President Judge.

On December 17, 1997, this Court filed a previous opinion and order affirming the order of the Carbon County Court of Common Pleas in the above-captioned matter.[1] Thereafter, Frank DePaulo and Frank De-Paulo, Jr. (Appellants) filed an Application for Reargument on December 29, 1997. While this Court denied reargument, we did grant reconsideration to revisit the issue of the timeliness of the appeal in view of the decisions of *Beecham Enterprises, Inc. v. Zoning Hearing Board*, 125 Pa.Cmwlth. 20, 556 A.2d 981 (1989) (*Beecham I*), and *Beecham Enterprises, Inc. v. Zoning Hearing Board*, 530 Pa. 272, 608 A.2d 1017 (1992) (*Beecham II* ) and whether the subject use of the property was a permitted use under the zoning ordinance of Palmerton Borough. Upon reconsideration, we again affirm the judgment of the Common Pleas Court.

Appellants appeal from an order of Common Pleas affirming a decision of the Zoning Hearing Board (ZHB) of the Borough of Palmerton (Borough), which found that Appellants' appeal to the ZHB was timely, that a crematory is both a permitted use and a permitted accessory use in the C–Central Business Commercial zoning district of the Borough pursuant to the Palmerton Zoning Ordinance, and that the Schislers acquired a vested right to install a crematory.

The relevant facts are as follows. Arthur R. and Fannie A. Schisler are the owners of property commonly known as 517–519 and 525 Delaware Avenue, Palmerton, Pennsylvania. On June 14, 1994, Arfan, Inc. (the Schislers are the sole stockholders in this enterprise) applied to the Borough for a building permit to construct two apartment units, two commercial units and an extension to the existing funeral home located at 525 Delaware Avenue, which would include a crematory.[2] Modification of the 525 Delaware Avenue building was required because of extensive structural damage resulting from heavy snows during the winter of 1993–1994. The Borough Zoning Officer approved the permit on June 15, 1994, and construction began that November.

The property was posted with an official notice of the issuance of the permit, which indicated that the work authorized by the permit consisted of "Partly Demolish and Reconstruct" but the notice omitted any reference to the construction and operation of the crematory. The installation of the crematory and the renovation of the building were completed in the early part

---

1. The original appeal was argued before a panel of this Court on October 7, 1997.

2. Only the crematory is at issue here.

of May 1995. Appellants appealed to the ZHB on May 18, 1995, asserting that the proposed improvements were not in accordance with the local zoning ordinance. Specifically, they argued that a crematory is not a permitted use or a permitted accessory use in a C–Central Business Commercial zoning district within the Borough. Appellants also maintained that they did not acquire knowledge of the issuance of the permit until April 29, 1995.

A hearing was held before the ZHB on June 21, 1995, where approximately four hours of testimony was heard from the various parties involved. On August 3, 1995, the ZHB rendered its decision and held that Appellants' appeal was timely, that a crematory was a permitted use in the Borough's C–Central Business Commercial district, but did not address the issue of whether the Schislers had acquired a vested right to install the crematory.

On August 4, 1995, Appellants filed a notice of appeal from the ZHB's decision and, on November 29, 1995, oral argument was heard by the Court of Common Pleas of Carbon County. The court was asked to decide whether the ZHB correctly allowed the crematory to be located in the C–Central Business Commercial district, and if the ZHB was not correct, whether the crematory should be permitted under a theory of vested rights because it was already in place at the time of the appeal. On February 29, 1996, the court remanded the matter to the ZHB to specifically address the issue of whether the Schislers had a vested right to the building permit

and to formulate specific findings of fact to support the ZHB's initial decision.

On April 10, 1996, the ZHB met to resolve the issues contained in the remand order from Common Pleas. The parties to this matter all agreed that no additional testimony on the issue of vested rights was necessary, and the ZHB rendered its opinion. The ZHB held that, in a C–Central Business Commercial district, a crematory was both a permitted use and a permitted accessory use, that Appellants' appeal to the ZHB was timely, and that the Schislers had acquired a vested right to install the crematory. Although the ZHB articulated its holding on April 10, 1996, it did not issue its written decision until May 6, 1996.

Appellants then filed another appeal of the ZHB's decision to the Carbon County Court of Common Pleas, which issued a decision and order on May 2, 1997. In this opinion, Common Pleas found that Appellants' appeal to the ZHB was *not* timely and that the Schislers had acquired a vested right to install the crematory. Because the court determined that Appellants' appeal was untimely and that the Schislers had acquired a vested right to install the crematory, it found it unnecessary to address the issue of whether the ZHB properly determined that a crematory was a permitted use and/or a permitted accessory use under the Palmerton zoning ordinance. Appellants filed a notice of appeal from the trial court's May 2, 1997 order with this Court on May 21, 1997.[3]

■ On appeal,[4] Appellants argue that the trial court erred as a matter of law by

---

**3.** There were actually three appeals taken by Appellants to this Court from the one order of Common Pleas dated May 2, 1997, which were consolidated by this Court by an order dated June 23, 1997. This unusual situation occurred because there had been three appeals taken from the two decisions of the

ZHB to Common Pleas. A motion to amend the caption was denied, however; hence, the reference to three appeals in the caption of the case as those appeals exist in the docket of this Court.

**4.** In zoning appeals, where the trial court takes no additional evidence, our standard of

finding: (1) that Appellants' appeal to the ZHB from the decision to grant the building permit was untimely; (2) that a crematory was a permitted use in the Borough's C–Central Business Commercial district; and (3) that the Schislers acquired a vested right to install the crematory. In our previous decision, we concluded that Appellants' appeal was timely and that the Schislers had acquired a vested right to install the crematory. Because of our resolution of these two issues, we felt it unnecessary to address whether the crematory was a permitted use in the C–Central Business District. Appellants filed an Application for Reargument, which was denied by this Court, but reconsideration was granted, limited to the application of *Beecham I*, and *Beecham II*, and the separate issue of whether the subject use of the property was a permitted use under the Borough's zoning ordinance. We now address all of the issues raised in these appeals.

Pursuant to Section 914.1(a) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10914.1(a), *added by*, Act of December 21, 1988, P.L. 1329, an appeal from the decision of the zoning officer to approve an application for development must be filed within **thirty days** after such approval "unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval has been given." 53 P.S. § 10914.1(a). We conclude that Appellants are correct and our decision in *Beecham I*, as affirmed by the Supreme Court in *Beecham II*, is applicable to the instant matter. The facts underlying the *Beecham* decisions reflect that Motel Six began installation of a sign eight months after obtaining a variance. Beecham, a neighboring property owner, filed an appeal with the township zoning hearing board, which had granted the variance, as well as with the court of common pleas. Beecham argued that it had not received notice of the hearing before the board and was unaware of the variance until the sign was constructed. The court remanded the matter to the board because the property had not been properly posted. The board then granted the variance and Beecham appealed. The lower court chose not to address the variance issue and found, instead, that Motel Six had acquired a vested right to the sign permit. Beecham then appealed to this Court, which held that, because the property had not been properly posted, the thirty-day appeal period did not begin to run against Beecham until it knew that the variance had been granted. Coterminous with that holding, we concluded that, because Beecham had filed its appeal within thirty days of its receipt of notice, there could be no vested right to the sign permit because the allowable appeal period had not expired without the filing of an appeal.

On appeal to our Supreme Court, the High Court observed that Beecham had filed an appeal to the board as well as to common pleas, analyzing the matter under the provisions of Section 915 of the MPC (now renumbered as Section 914.1(a), 53 P.S. § 10914.1(a)), which provides:

No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit

---

review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law. *Herr v. Lancaster County Planning* Commission, 155 Pa.

Cmwlth. 379, 625 A.2d 164 (1993), *petition for allowance of appeal denied*, 538 Pa. 677, 649 A.2d 677 (1994).

the approval in any manner unless such person alleges and proves that he had no notice, knowledge or reason to believe that such approval had been given.

The Court concluded that, even though Beecham's appeal had been filed eight months after the variance had been granted, the appeal was timely because it had been filed within thirty days of the point at which Beecham received notice. *Beecham II.* Thus the Supreme Court affirmed this Court.

■ In the present case, the Appellants presented testimony that they were not aware that a crematory was being placed in the reconstructed building at 517–519 Delaware Avenue. The building permit, which was displayed at the work site, stated only that the work to be conducted was: "Partly Demolish + Reconstruct 517–519 Delaware Avenue." (Original Record, Meeting of Borough of Palmerton Zoning Hearing Board, dated June 21, 1995 and August 3, 1995, Exhibit B–4.) There was no indication that a crematory was also being included in the renovation of the building. The Appellants testified that they did not acquire notice of the construction of the crematory until the latter part of April or the beginning of May 1995. (Notes of Testimony dated June 21, 1995, pp. 44–45.)

Because there is no notice provision in either the MPC or the Palmerton Zoning Ordinance, and because Appellants did not receive notice of the crematory until, at the earliest, late April 1995, and further, because the building permit did not indicate that a crematory was included in the renovations, we hold that Appellants' May 18, 1995 appeal of the Board's decision was timely.

5. Because of the result we reach today, we leave the validity of this argument, or lack

■ Initially, Appellants argued that Common Pleas erred, as a matter of law, by finding that the Schislers had acquired a vested right to the permit to build the crematory because, as they asserted, the issue of vested rights can only be reached after a finding that a crematory was a permitted use, which they argued it is not.[5] On reconsideration, Appellants also point out that, under *Beecham I* and *Beecham II,* the Schislers have not acquired a vested right to the permit because we determined that Appellant's appeal was timely filed. We must agree with Appellants, and thus the rationale for granting reconsideration, that the Schislers are not entitled to a vested right in their permit under the *Beecham* decisions.

In *Department of Environmental Resources v. Flynn,* 21 Pa.Cmwlth. 264, 344 A.2d 720 (1975), this Court articulated a five-part standard when analyzing cases in the vested rights area. In that case, this Court held that, in order for a property owner to establish a vested right in the permit, the property owner must show:

1) due diligence in attempting to comply with the law;

2) good faith throughout the proceedings;

3) the expenditure of substantial unrecoverable funds;

4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit; [and]

5) the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

thereof, to another day.

*Id.* at 725; *see also Petrosky v. Zoning Hearing Board of Upper Chichester, Delaware County,* 485 Pa. 501, 402 A.2d 1385 (1979).

Common Pleas found that the Schislers met these requirements, but on reconsideration, we find that requirement number four, "the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit," has not been met. *Flynn.* The statute authorizes an appeal beyond the stated thirty-day period under circumstances where affected property owners can prove that they were without notice. 53 P.S. § 10914.1(a). Because Appellants did not receive notice of the permitted installation of the crematory, with the resultant determination that their appeal was timely, the period during which an appeal could have been taken had not expired. Therefore, we hold that the Schislers did not have a vested right in the permit to construct the crematory that was issued by the Borough Zoning Officer. However, the matter does not end here.

■ In our initial decision rendered in this matter, we concluded that it was unnecessary to address the issue of whether a crematory is a permitted use, or a permitted accessory use, in a C–Central Business Commercial zoning district. On reconsideration, however, the parties were required to brief this issue more thoroughly for our review. A capsulization of the procedural history relevant to this single issue will better frame our analysis.

The August 1995 decision of the ZHB determined that a crematory was a permitted use in the Borough's C–Central Business Commercial district. Common Pleas heard oral argument on the issues in the first appeal to that court, but did not receive additional evidence. In a decision circulated on February 29, 1996, Common Pleas remanded the matter to the ZHB to determine, *inter alia,* whether a crematory was a permitted use in the Borough's C–Central Business Commercial district. The ZHB conducted additional hearings and both parties declined to offer any additional testimony or other evidence. In a decision circulated in May 1996, the ZHB again found that a crematory was a permitted use. As previously indicated, the matter was again appealed to Common Pleas, which took no additional evidence and decided the case without addressing the "permitted use" issue.

Section 405 of the Zoning Ordinance sets forth the permitted uses and permitted accessory uses of a C–Central Business Commercial district as follows:

Section 405 C-*Central Business Commercial*

405.1 Permitted Uses

   a. Retail stores, shops or service establishments for the conducting of any retail business or service except drive-in establishments;

   b. Business, professional, or government offices and office buildings;

* * * *

405.2 Permitted Accessory Uses—Located on the same lot with the permitted principal use.

   a. . Private garage or private parking areas, off-street parking areas pursuant to the provisions of Section 508.

   b. Signs pursuant to the provisions of Section 506.

   c. Accessory uses and buildings.

Section 201.4 of the Zoning Ordinance defines "accessory use" as "[a] use customarily incidental and subordinate to and located on the same lot occupied by the principal use to which it relates." (Zoning Ordinance, Article II, p. 2.)

■ Whether a proposed use falls within a given categorization contained in the zoning regulations is a question of law for this Court, *Merry v. Zoning Board of Adjustment*, 406 Pa. 393, 178 A.2d 595 (1962), keeping in mind that zoning ordinances must be construed expansively so as to afford the landowner the broadest possible use and enjoyment of his land. *Bakerstown Container Corporation v. Richland Township*, 508 Pa. 628, 500 A.2d 420 (1985). Thus, "restrictions on a property owner's right to free use of his property must be strictly construed and all doubts resolved in his favor." *Gilden Appeal*, 406 Pa. 484, 492, 178 A.2d 562, 566 (1962).

As the ZHB observed, Section 405.1 of the Zoning Ordinance permits "a service establishment for the conducting of any retail business." (ZHB Opinion, p. 14.) Moreover, neither a funeral home nor a crematory are specifically addressed anywhere in the Zoning Ordinance. We agree with the ZHB that the operation of a crematory is an ancillary service of a funeral home, which is a retail service estab-lishment. Both funeral homes and crematories deal with the final disposition of human remains through either internment or cremation. Cremation is a use that is incidental or subordinate to the operation of a funeral home, and constitutes both a permitted use and a permitted accessory use to that of the principal use, a funeral home.[6]

■ Accordingly, we affirm the order of the Carbon County Court of Common Pleas, albeit on different grounds.[7]

### ORDER

NOW, June 5, 2001, the order of the Court of Common Pleas of Carbon County in the above-captioned matter is hereby affirmed.

---

6. While few jurisdictions have addressed this particular issue, most of those that have addressed it have concluded that operation of a crematory is an ancillary service of a funeral home. *See, e.g., Conrad v. Babcock*, 124 Ohio App.3d 667, 707 N.E.2d 44 (1997) (concluding that installation and operation of a crematory is an accessory use to a funeral home); *Memorial Funeral Home, Inc. v. Zoning Board of Review, Town of Portsmouth*, 1997 WL 839885 (R.I.Super.1997) (holding that crematoriums are permitted uses, constituting the same character of use as a funeral home, and permitting funeral establishments to provide full funeral service needs to its retail customers); *Laurel Lawn Cemetery Assoc. v. Zoning Board of Adjustment*, 226 N.J.Super. 649, 545 A.2d 253 (1988) (stating that a crematorium is an accessory or incidental use to a cemetery because, like a funeral home, it deals with the disposition of human remains); *Ferry v. City of Bellingham*, 41 Wash.App. 839, 706 P.2d 1103 (1985) (holding that city planning board properly determined that operation of crematory was valid accessory use to funeral home).

7. We may affirm a trial court determination under a different rationale, where the result is correct and the basis on which we affirm is clear on the record. *Rhoads v. Lancaster Parking Authority*, 103 Pa.Cmwlth. 303, 520 A.2d 122 (1987), *petition for allowance of appeal denied*, 515 Pa. 611, 529 A.2d 1084 (1987).