**RESIDENTS AGAINST MATRIX,**
**Appellant,**

v.

**LOWER MAKEFIELD TOWNSHIP**
**and Matrix/AEW Acquisitions,**
**LLC.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 17, 2002.

Decided July 12, 2002.

Carl W. Ewald, Philadelphia, for appellant.

John P. Koopman, Langhorne, for appellee, Lower Makefield Tp.

John J. Soroko, Philadelphia, for appellee, Matrix/AEW Acquisitions, LLC.

BEFORE: COLINS, President Judge, and COHN, J., and MIRARCHI, JR., Senior Judge.

OPINION BY President Judge COLINS.

Residents Against Matrix appeals the order of the Court of Common Pleas of Bucks County quashing its land use appeal on the jurisdictional ground that it was filed beyond the 30–day statutory appeal period.

In September 1988, Lower Makefield Township and Bellemead Development Corporation entered into a master Plan Approval Agreement following the Township's approval of the developer's master land development plan for approximately 186 acres of real estate.[1] The entire tract was zoned C–3, General Business/Industrial. The 1988 plan and agreement provided for a commercial and industrial office park with 1,282,000 square feet of gross leasable space to be developed in accordance with the existing zoning, subdivision, and land development ordinances.

---

1. Of the 186 acres, 141 are located in Lower Makefield Township and the remainder in Middletown Township, Bucks County.

In May 1999, Matrix/AEW Acquisitions and Bellemead entered into a proposed sale and purchase agreement for the tract, and Matrix proposed amendments to the master plan approval agreement with the Township. After reviewing the proposed changes, the Township Board of Supervisors approved an amendment agreement to the master plan agreement at a public meeting on December 4, 2000. The amendment agreement states, "the permitted uses shall include and be limited to Class A office, large retail, limited service hotel, and retail pad uses as those uses are defined and permitted pursuant to the Township Zoning Ordinance within the C–2 and C–3 zoning districts." (Amendment Agreement, p. 2.) The amendment agreement sets forth the number and gross leasable area for large retail stores and a limited service hotel and provides for an outside garden area to be attached to a large retail store.

At the Board of Supervisors' April 16, 2001 meeting, thirty-six residents expressed opposition to the Township's having approved the agreement amendment. The residents raised concerns including increased traffic and proposed road improvements, noise and pollution, overdevelopment, and other impact on the nearby residents. During this discussion, individual supervisors emphasized that the agreement had already been approved.

On June 21, 2001, Residents Against Matrix (RAM)[2] filed in the court of common pleas its appeal of the Township's December 4, 2000 approval of the amendment agreement. Matrix countered with a motion to quash the land use appeal as untimely under Section 1002–A of the Pennsylvania Municipalities Planning Code (MPC),[3] 53 P.S. § 11002–A. After hearing argument, the trial judge sided with Matrix and dismissed the appeal for lack of jurisdiction because it was filed well beyond the statutory 30–day appeal period. The court rejected RAM's argument that the appeal period never accrued because the Township's approval of the amendment agreement was a de facto amendment of the zoning ordinance and therefore void ab initio.

■ Before Commonwealth Court, RAM argues as follows: 1) the Board of Supervisors' actions constituted a de facto amendment to the Township's zoning ordinance without public notice and outside the Board's authority, so pursuant to *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165 (2000), the appeal period did not begin to run; 2) the Township cannot by contract circumvent the zoning ordinance by permitting additional uses; rather additional uses may be granted only by ordinance; 3) the amendment to the master plan constitutes an entirely new development plan and not a revision; and 4) if the appeal was untimely, the trial court should have permitted RAM to appeal nunc pro tunc because the events show a clear breakdown in the judicial process. In the alternative, RAM asks that we make it clear that it may in the future appeal the de facto ordinance amendment on substantive grounds when the first building permit is issued.[4]

---

**2.** Residents Against Matrix is a Pennsylvania not-for-profit organization organized to preserve open space in Lower Makefield Township and to oppose the Matrix Development (formerly owned by Bellemead). (Land Use Appeal, p. 1.)

**3.** Act of July 31, 1968, P.L. 805, added by Section 101 of the Act of December 21, 1988, P.L. 1329.

**4.** We will not advise RAM about its right to challenge a de facto ordinance amendment in another forum or context.

In *Cranberry Park Associates*, a developer applied for a grading permit and commenced grading while the application was pending. Subsequently, the township denied the permit and issued a notice of violation and stop work order. The developer appealed, challenging the validity of the ordinance in that it was never number, dated, signed, or recorded. Although the developer filed its appeal after the appeal period, the Supreme Court concluded that the ordinance was void ab initio because of the defects in its enactment and therefore it never became effective and the appeal period never began to run.[5]

The present case bears no factual resemblance to *Cranberry Park Associates*. RAM does not allege defective procedure in the enactment of an ordinance; rather, RAM alleges that the Township's approval of the amendment agreement with Matrix resulted in a de facto amendment to the Township's zoning ordinance without the statutorily required notice to the public. RAM argues that the Board of Supervisors has no authority to approve a plan that violates the zoning ordinance and no authority under the Municipalities Planning Code to enter into a master plan approval agreement; instead, it asserts, the only way to authorize a development that violates the zoning ordinance is through a variance approved by the zoning board. A challenge to the Board's authority to approve the amending agreement necessarily

questions whether the Board complied with the Township's Subdivision and Land Development Ordinance, its sole source of authority in approving land development. Such a challenge must be brought as a land use appeal in accordance with Section 1002–A.[6]

Section 1002–A of the MPC provides:

All appeals from all land use decisions ... shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act.

53 P.S. § 11002–A.[7] It is undisputed that RAM failed to file its appeal within 30 days after the Board entered its decision.

RAM next argues that the amendment agreement amounts to approval of an entirely new plan and not a revision; that members of the public had no opportunity to participate or to exercise their appeal rights because the Board consistently represented the changes as an amendment. RAM cites *Rabenold v. Zoning Hearing Board of Borough of Palmerton*, 777 A.2d 1257 (Pa.Cmwlth.2001), for the proposition that the appeal period does not begin to

---

**5.** The applicable law provided that an ordinance becomes effective five days after its adoption according to the second class township code. Because the proper adoption procedures were not followed, the ordinance never became effective.

**6.** Section 501 of the MPC authorizes municipalities to regulate subdivisions and land development. 53 P.S. § 10501. "Where a subdivision and land development ordinance has been enacted ... no subdivision or land development of any lot, tract or parcel of land shall be made ... except in accordance with

the provisions of such ordinance." MPC Section 507, 53 P.S. § 10507.

**7.** The date of entry of the decision, as provided in 42 Pa.C.S. § 5572, is "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail...." The decision of a governing body approving a plat, whether preliminary or final, must be communicated to the applicant in writing within 15 days following the decision or the plat is deemed to be approved. MPC Section 508, 53 P.S. § 10508.

run where general notice of a governing body's decision fails to provide sufficient notice of exactly what the governing body approved. *Rabenold,* however, was premised upon MPC Section 914.1, which governs the timeliness of appeals to zoning boards, and permits appeals filed after 30 days when the person proves a lack of notice, knowledge, or reason to believe that approval has been given. 53 P.S. § 10914.1. Section 1002–A's appeal period is 30 days from the date of entry of the Board's decision; the statute does not permit late appeals for lack of notice. Furthermore, RAM was not entitled to written notice of the Board's decision.

 Finally, RAM argues that if its appeal was untimely it should have been granted the right to appeal nunc pro tunc on the theory that members of the public could not know to exercise their appeal rights because the Board consistently misrepresented Matrix's plans as an amendment to a prior contract. This misrepresentation, RAM contends, constituted a breakdown in the judicial process justifying an appeal nunc pro tunc. We disagree. First, nothing in the record substantiates RAM's assertion that the Board misrepresented its negotiations with Matrix or the nature of the amendment agreement it ultimately approved.[8] Second, RAM never sought permission to appeal nunc pro tunc before the trial court.

Although RAM's assertion that the amendment agreement amounts to approval of an entirely new plan and not a plan revision may have merit, we will never reach the merits of this case because RAM's land use appeal was not timely.

8. We note that the reproduced record in this matter contains minutes of the Board of Supervisors from the spring and summer of 2000. Inasmuch as these documents are not part of the record certified from the trial court, they should not have been included in the reproduced record and cannot be consid-

Accordingly, the order of the trial court quashing RAM's appeal is affirmed.

## *ORDER*

AND NOW, this 12th day of July 2002, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

ered. We remind counsel that compliance with Pa. R.A.P. 2152 regarding the contents of the reproduced record is mandatory, and noncompliance may result in sanctions. *Rosselli v. Rosselli,* 750 A.2d 355 (Pa.Super.), *petition for allowance of appeal denied,* 564 Pa. 696, 764 A.2d 50 (2000).