# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lenhart and Dianne Lenhart,    :
                    Appellants   :
                             :
          v.             :    No. 409 C.D. 2021
                             :    ARGUED:  December 13, 2021
Cogan House Township           :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

## MEMORANDUM OPINION BY
## SENIOR JUDGE LEADBETTER            FILED:  June 29, 2022

David and Dianne Lenhart appeal from an order of the Court of Common Pleas of Lycoming County dismissing with prejudice their complaint in mandamus (*Lenhart II* complaint) seeking enforcement against Cogan House Township and requesting that it obtain a National Pollution Discharge Elimination System (NPDES) permit, develop an Erosion and Sedimentation (E&S) Plan, develop a Post-Construction Stormwater Management (PCSM) Plan, and pay fees and costs of suit along with any other relief deemed appropriate.  The previous related case is *Cogan House Township v. Lenhart*, 197 A.3d 1264 (Pa. Cmwlth. 2018), *appeal denied*, 216 A.3d 1030 (Pa. 2019) (Table) (*Lenhart I*).  In the present case, *Lenhart II*, we affirm, albeit on different grounds from the issues asserted.[1]

---

[1] Where the result is correct and the basis for affirming is clear from the record, we may affirm a trial court determination under a different rationale.  *Rabenold v. Zoning Hearing Bd. of the Borough of Palmerton*, 777 A.2d 1257, 1263 (Pa. Cmwlth. 2001).

Located in Cogan House Township, the Lenharts' property fronts both sides of Post Road. In 2011, the Township approved the request of two gas companies to hire an engineering firm to design and oversee road improvements to Post Road in preparation for gas drilling activities in the area. *Lenhart I*, 197 A.3d at 1267. The work that took place between 2011 and 2014 included installing swales alongside the road and replacing existing piping along and under the road. In August 2014, the Township filed a two-count complaint averring that the Lenharts, without authority, improperly interfered with a drainage system and easements along the road. In July 2016, the Lenharts filed their fourth amended counterclaim (*Lenhart I* counterclaim): Count I-willful misconduct or gross negligence; Count II-negligence; Count III-negligence *per se*; Count IV-nuisance; and Count V-trespass. They averred that the Township caused modifications to be performed in violation of the Storm Water Management Act (SWMA),[2] the regulations promulgated by the Department of Environmental Protection (DEP) pursuant to the Clean Streams Law,[3] and the Township's Storm Water Management Ordinance.

On appeal in *Lenhart I*, we reversed the trial court's judgment in favor of the Township, determining that the trial court erred (1) in ruling that the Township did not engage in the alteration or development of land; (2) in determining that the Township's activities constituted road maintenance and not road construction or reconstruction; and (3) in failing to address the Lenharts' common law claims and request for equitable relief.[4] In addition, we remanded to the trial court for evidence

---

[2] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1-680.17.

[3] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§ 691.1-691.1001.

[4] The Township did not appeal from the dismissal of its complaint. Consequently, we considered only the appeal from the order entering a verdict in favor of the Township on the *Lenhart I* counterclaim. *Lenhart I*, 197 A.3d at 1267.

as to any damages that the Lenharts may have sustained as well as consideration of their common law claims and request for equitable relief. The outstanding claims from *Lenhart I* were listed for trial in the trial court's January/February 2022 term. (Twp.'s Sept. 27, 2021 Br. at 4 n.1.)

In September 2020, the Lenharts filed the *Lenhart II* complaint seeking to compel the Township to apply for the requisite permitting and to comply with the other regulatory requirements that we deemed necessary in *Lenhart I*. Count I asserts a violation of 25 Pa. Code § 102.5(a) requiring a NPDES permit for projects involving earth disturbance activity of one acre or more. Count II asserts a violation of 25 Pa. Code § 102.4(b)(2) requiring a written E&S Plan for earth disturbance activities resulting in a total earth disturbance of 5000 square feet or more. Count III asserts a violation of 25 Pa. Code § 102.8(a) requiring that one proposing earth disturbance activities obtain permit coverage as required under Chapter 102 of DEP's regulations (E&S control) and develop and implement a PCSM Plan.

The Township filed preliminary objections to the *Lenhart II* complaint asserting: (1) that the claims are barred by the doctrine of *res judicata*; (2) that the doctrine of *lis pendens* applies due to the pendency of the *Lenhart I* litigation; and (3) that the claims are barred by the six-month statute of limitations applicable to mandamus claims.[5] In addition, the Township contended that the Lenharts failed to name the proper defendant in accordance with Pennsylvania Rule of Civil Procedure 1094(a) (Action in Mandamus-Parties Defendant).[6] The trial court dismissed the

---

[5] In pertinent part, Section 5522(b)(1) of the Judicial Code provides that actions "against any officer of any government unit for anything done in the execution of his office" must be commenced within six months. 42 Pa.C.S. § 5522(b)(1).

[6] The Lenharts named the Township as defendant, as opposed to township officials. In pertinent part, Rule 1094(a) and (c) provides:

**(Footnote continued on next page…)**

3

*Lenhart II* complaint with prejudice, sustaining the preliminary objections pertaining to the six-month statute of limitations and a failure to name the proper defendant but declining to address the objections asserting that the *Lenhart II* claims should be barred by either the doctrine of *res judicata* or *lis pendens*.

At this time, the trial court may or may not have entered a final order in *Lenhart I* triggering the applicability of the doctrine of *res judicata*. However, the *Lenhart II* complaint is barred by the doctrine of *lis pendens*. The applicability of that doctrine requires that "(1) the prior case is the same; (2) the parties are substantially the same; and (3) the relief requested is the same." *Pa. Pharmacists Ass'n v. Dep't of Pub. Welfare*, 733 A.2d 666 (Pa. Cmwlth. 1999). When a party seeks to dismiss a claim under the doctrine, the three-pronged test must be strictly applied. *Hillgartner v. Port Auth. of Allegheny Cnty.*, 936 A.2d 131 (Pa. Cmwlth. 2007). The applicability of the doctrine is a pure question of law ascertainable from an inspection of the records in the two cases. *Id.* at 138.

---

(a) When an action is commenced to compel performance of a public act or duty by a political subdivision of the Commonwealth, it shall be sufficient to name as defendants such officers in their official capacities as are concerned in the act or duty.

. . . .

(c) When a public act or duty is required to be performed by an executive or administrative department, by a departmental administrative board or commission or by an independent administrative board or commission of the Commonwealth or by a board or body of a political subdivision, it shall be sufficient to name the department, board, commission or body as the defendant without joining as a defendant the head of the department or members of the board, commission or body.

Pa.R.Civ.P. 1094(a) and (c).

4

Turning to the first requirement, both the *Lenhart I* counterclaim and the *Lenhart II* complaint pertain to the 2011 and 2014 modifications, construction, and/or reconstruction that the Township made and/or authorized for Post Road. (July 29, 2016 Fourth Amended Countercl. at 1, ¶ 34; Reproduced Record "R.R." at 58a) and (Sept. 8, 2020 Compl. in Mandamus at 3; ¶¶ 13 and 22; R.R. at 4a). Both contain specific averments describing the nature of the Township's activities with respect to Post Road, asserting that the Township failed to comply with the law in undertaking those activities, and asserting specific damages therefrom. In addition, both pertain to the Township's obligations and alleged continuing failure to comply with the applicable law and regulations as mandated by this Court in *Lenhart I*. In that respect, both reference the Township's failure to apply for the requisite permitting[7] and failure to submit the appropriate plans. In asserting that the Township has failed to comply with *Lenhart I* and that its noncompliance constitutes an ongoing violation, the Lenharts maintain that they were compelled to file the *Lenhart II* complaint in order to achieve the Township's compliance with the unappealable and final decision in *Lenhart I*. Accordingly, both cases are the same.

As for the requirement that the parties be substantially the same, the parties in both cases are the same—the Township and the Lenharts.

---

[7] At the December 2021 oral argument before this Court, the Township conceded that it failed to engage in the requisite permitting process deemed necessary in *Lenhart I*. By way of explanation, the Township noted that the work had been completed for a long time by the time this Court issued its opinion in *Lenhart I* and that it would have been problematic to engage in the permitting process at that late date. Specifically, it raised the potential for a substantial expenditure of money if DEP determined that a redo of Post Road was necessary. However, the potential for an expenditure of funds excuses neither a private citizen nor a government unit from abiding by the law. With the requisite evidence, the trial court potentially could grant remedial relief directing that Post Road be reconstructed in an attempt to make the Lenharts whole.

We turn to the third requirement, identity of the requested relief. The gravamen of the *Lenhart II* complaint is the Township's noncompliance with this Court's directives in *Lenhart I* and the allegations that such noncompliance constitutes an ongoing violation. In the *Lenhart I* counterclaim, the Lenharts demanded judgment in their favor and against the Township for an unliquidated sum, in excess of the limitations for mandatory arbitration, together with pre- and post-judgment interest, reasonable attorney's fees, and the costs of litigation. In addition, they requested (1) a temporary injunction barring the Township from future damages to their real property; (2) a permanent injunction directing the Township to perform such remedial measures as may be reasonably required to remediate, in whole or in part, the damages to their property; and (3) such other relief as the trial court may deem just. (July 29, 2016 Fourth Amended Countercl. at 9-13; R.R. at 66a-70a.) In the *Lenhart II* complaint, they requested that the trial court grant mandamus and order the Township to apply for the requisite permits and submit the plans in accordance with this Court's directives in *Lenhart I*. (Sept. 8, 2020 Compl. in Mandamus at 7-9; R.R. at 8a-10a). Accordingly, both the old and the new requested relief is essentially the same.

To the extent that the requested relief is not identical, the Lenharts in the *Lenhart I* counterclaim could have requested an order mandating the Township to apply for any required permits and to submit any required plans.[8] In addition,

---

[8] Section 601(c) of the Clean Streams Law authorizes citizen suits "to compel compliance with this act or any rule, regulation, order or permit issued [thereunder] against [DEP] where there is alleged a failure of [DEP] to perform any act which is not discretionary with [DEP] or against any other person alleged to be in violation of any provision of this act or any rule, regulation, order or permit issued pursuant to this act[.]" 35 P.S. § 691.601(c). Section 15(b) of SWMA provides that suits "to restrain, prevent or abate violation of this act or of any watershed storm water plan, regulations or ordinances adopted hereunder, may be instituted in equity or at law by [DEP], any affected county or municipality, or any aggrieved person." 32 P.S. § 680.15(b).

6

they could have raised alleged harm as a result of the Township's failure to engage in the permitting process and the absence of any requisite plans. The Lenharts had this information and/or the possibility of harm within their knowledge at the time they filed the *Lenhart I* counterclaim and there was no need or obligation to wait for this Court's opinion in *Lenhart I*. Such claims would have been part and parcel of *Lenhart I*. As the Township alleged: "[T]he events which [the Lenharts] claim give rise to their request that the Township be ordered to apply for a permit first became apparent almost ten (10) years ago, when the Township first allegedly modified Post Road in 2011." (Twp.'s Dec. 23, 2020 Prelim. Objs. at 8, ¶ 39; R.R. at 31a.)

Moreover, even though the Township did not plead mootness in its preliminary objections, this matter may be moot. Generally, "an actual case or controversy must exist at all stages of the judicial or administrative process." *Pa. Liquor Control Bd. v. Dentici*, 542 A.2d 229, 230 (Pa. Cmwlth. 1988). Mootness "stands for the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect." *Burke ex rel. Burke v. Indep. Blue Cross*, 103 A.3d 1267, 1271 (Pa. 2014).

In *Lenhart I*, the trial was bifurcated as to damages. *Lenhart I*, 197 A.3d at 1275. Consequently, having determined that the trial court erred when it ruled in favor of the Township on the *Lenhart I* counterclaim, we "remand[ed] for additional evidence, where necessary and pertinent findings of fact and conclusions of law as to any damages that [the Lenharts] may have sustained." *Id*. In other words, we remanded for consideration of the Lenharts' "common law claims and request for equitable relief, which may include additional evidence and must include

7

pertinent findings of fact and conclusions of law."[9]  *Id.*  As noted, the scheduled hearing on this matter may or may not have already occurred.  Nonetheless, given the fact that the only claims remaining to be tried from *Lenhart I* are the Lenharts' claims for monetary and injunctive relief, whatever the outcome, *Lenhart II* is rendered moot.

Accordingly, we affirm.[10]

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Wallace did not participate in the decision for this case.

---

[9] We noted that one who constructs a drain depositing increased water flow onto a neighbor's land can be held liable for damage resulting therefrom under common law.  *Lenhart I*, 197 A.3d at 1275 (citation omitted).

[10] In light of our resolution of the preliminary objection pertaining to the doctrine of *lis pendens* and the principles of mootness and laches, we need not address the trial court's resolution of the remaining preliminary objections.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lenhart and Dianne Lenhart,     :
               Appellants     :
                               :
          v.                 :     No. 409 C.D. 2021
                               :
Cogan House Township         :

# **O R D E R**


AND NOW, this 29th day of June, 2022, the order of the Court of Common Pleas of Lycoming County is hereby AFFIRMED.


 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita