# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joe Mandrusiak and The Freedom    :
Foundation,    :
               Appellants    :
   :
          v.    :   No. 735 C.D. 2022
   :   ARGUED: September 11, 2023
York County (The Office of Open    :
Records)    :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**         **FILED: October 18, 2023**

Joe Mandrusiak and The Freedom Foundation (Requesters)[1] appeal from an order of the Court of Common Pleas of York County affirming the final determination of the Pennsylvania Office of Open Records (OOR), which held that the name of the labor union that represents a public employee bargaining unit is not subject to disclosure because the request implicates rights that are protected by the First Amendment of the United States Constitution[2] and Requesters failed to

---

[1] In November 2022, Requesters filed a notice of death for Joe Mandrusiak.

[2] U.S. Const. amend. I.

articulate a clear public interest that would outweigh the privacy and constitutional rights implicated by such disclosure. We affirm, albeit on other grounds.[3]

Requesters sought the following for each employee employed in a union-represented bargaining unit: 1) first, middle, and last name; 2) birth year; 3) job title/position; 4) hire date; 5) work email address; 6) employer (department, board, commission, etc.); 7) worksite address/location; 8) name of labor union representing his/her bargaining unit; 9) employer status (permanent or temporary); 10) salary; and 11) level of hire (full or part time).

In response, the County provided numbers 3, 4, 9, 10, and 11. It redacted personal identification information, denied providing the first and middle names of employees, denied providing the full names of certain employees due to concerns of public safety, and noted that the union affiliation of specific employees would not be provided as it was protected by the constitutional right to freedom of association. As for email addresses, it responded that it does not maintain a separate list and directed Requesters to the website for the office address, main telephone number, and any public contact information available there.

Requesters appealed to OOR, arguing that the County erred in denying the release of the names of the labor unions representing the bargaining units; redacting the first, middle, and last names of all public employees; and not providing work email addresses. OOR determined that the County was required to provide the full names of the employees but not required to take any additional steps regarding either the request to release the name of the labor union representing the bargaining units or work email addresses. Pertinent here, OOR concluded that labor union

---

[3] Where the result is correct and the basis for affirming is clear from the record, we may affirm a trial court determination under a different rationale. *Rabenold v. Zoning Hearing Bd. of the Borough of Palmerton*, 777 A.2d 1257, 1263 (Pa. Cmwlth. 2001).

affiliation was protected by the constitutional right to freedom of association and that the County could withhold that information. In support, OOR observed that the United States Supreme Court has consistently held that it is a violation of an individual's right of freedom of association under the First Amendment for states to mandate the disclosure of an individual's association with any group. *See McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185 (2014); *Shelton v. Tucker*, 364 U.S. 479 (1960); *Bates v. City of Little Rock*, 361 U.S. 516 (1960); *NAACP v. Ala.*, 357 U.S. 449 (1958). OOR reasoned that Requesters were "clearly seek[ing] the labor union to which each employee in a bargaining unit [was] affiliated; thus, essentially asking for the disclosure of the labor union to which the employee [was] a member." October 18, 2021 OOR Determination at 14; Reproduced Record (R.R.) at 27a.

Requesters appealed to the trial court, which attempted to streamline the appeal by ordering the County to "supplement the record by filing the implicated collective bargaining agreements [(CBAs)]." March 3, 2022 Tr. of Proceedings at 10; R.R. at 114a. As the County asserted, the CBAs and their recognition sections should provide the requisite information for Requesters "to determine which positions are exclusive to the named bargaining units along with the supplement to the record regarding the bargaining units and the unions to which they are associated[.]"[4] March 17, 2022 County's Br. in Response to Pet. for Review of the Final Determination of OOR at 17-18. In so doing, the County provided Requesters with both the names of the respective unions that represent the particular bargaining units *and* the positions by bargaining unit. Suppl. R.R. (S.R.R.) at 2b-283b (CBAs) and S.R.R. at 284b-324b (Positions by Bargaining Unit).

[4] *See* Suppl. R.R. (S.R.R.) at 2b-283b (CBAs) and S.R.R. at 284b-324b (Positions by Bargaining Unit).

In rendering a decision in the County's favor, the trial court stated: "The sole question raised . . . is whether [] OOR erred when it determined the name of the labor union that represents a public employee bargaining unit is not subject to disclosure under the [Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104 (RTKL).]" June 13, 2020 Trial Ct. Op. at 7. To that end, the trial court determined: "To disclose the name of the union that represents a particular bargaining unit would disclose, or could easily lead to disclosure of, membership information that is protected thereby infringing upon the freedom to associate." *Id*. at 10-11.

On appeal, Requesters do not disagree with the trial court's basic premise that an employee's membership in a union is protected from disclosure by the First Amendment's right to freedom of association. However, they ask us to determine that OOR erred in determining that the name of the labor union representing a public employee bargaining unit was the equivalent of asking for the disclosure of the labor union to which the employee is a member and that OOR misunderstood the difference between a bargaining unit and a union membership list.

We find it inappropriate to reach the issue posited above. At oral argument before this Court, counsel did not dispute that the County had provided Requesters with documents from which they could glean the information they had requested. What became evident was Requesters' issue with the format of the responsive records, which would apparently require significant labor to match up the data and organize it into the desired lists. It is well established that agencies in responding to requests are "not . . . required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in

4

which the agency does not currently compile, maintain, format or organize the record." Section 705 of the RTKL, 65 P.S. § 67.705.[5]

Accordingly, we affirm.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[5] While it would appear that both sides wish us to opine on the First Amendment issue decided by the trial court, we decline to do so because engaging in such an analysis would be to issue an advisory opinion. Moreover, where cases can properly be decided on non-constitutional grounds, courts should not reach constitutional issues. *Ballou v. State Ethics Comm'n*, 436 A.2d 186 (Pa. 1981).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joe Mandrusiak and The Freedom    :
Foundation,    :
                 Appellants    :
   :
         v.    :   No. 735 C.D. 2022
   :
York County (The Office of Open    :
Records)    :

# **O R D E R**

AND NOW, this 18th day of October, 2023, the order of the Court of Common Pleas of York County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita