OPINION
Akwen Ltd., appellant, appeals from the decision of the Portage County Court of Common Pleas upholding the Ravenna Zoning Board of Appeals' denial of Akwen Ltd.'s request for four area variances.
On August 10, 1998, a meeting was held before the Zoning Board of Appeals for the city of Ravenna ("Board") regarding Akwen Ltd.'s ("Akwen") request for certain variances for property upon which Akwen planned to construct a Wendy's Restaurant. Akwen requested a ten (10) parking space variance, a forty-eight foot (48') variance from the front setback, a fifteen foot (15') variance from the rear setback, and a ten foot (10') variance from the left and right setbacks to build the restaurant on East Main Street in Ravenna. Akwen stated it had revised its plan to include a ten foot (10') green area around the property and a six foot (6') wood fence. Akwen mentioned other businesses in the neighborhood whose parking lots were as close to the property lines as in the plans for the Wendy's Restaurant. Akwen contended those businesses had not been required to obtain variances to utilize their parking lots in the same manner as Akwen proposed. Akwen also disputed the Board's interpretation of a parking lot being a structure under Ravenna's zoning code. The matter was tabled with no decision being reached.
On August 31, 1998, a second meeting was held before the Board. Several residents spoke in opposition to the proposed restaurant. Their concerns were primarily with the traffic, noise, pollution, congestion, and the possibility of lower property values. The site is surrounded on three sides by residences, although the area is zoned for commercial use. The resident whose property abutted the rear of the lot objected to the rear variance because the cars would be to close to her property. The Board rejected Akwen's request for the variances.
On September 14, 1998, Akwen appealed the Board's decision to the Portage County Court of Common Pleas, pursuant to R.C. Chapter 2506. On March 15, 1999, Akwen filed its brief with the court. Akwen argued the requirement of the variances was illegal and unreasonable. Akwen stated that the reliance of the Board on an unpublished 1990 letter written by the city law director to the mayor stating that a driveway is a structure under the zoning code subject to setback requirements had never been used before to require variances. Akwen pointed out that parking lots, used for commercial enterprises in the area, extended to the lot lines. Akwen further stated those businesses were not required to obtain variances for their parking lots. In instances where variances were requested, setbacks were measured from the building. Akwen argued that no variances are required under Ravenna's zoning code as written. Akwen contended the concerns expressed by the residents had to do with the proposed use of the property as a Wendy's Restaurant and did not address whether the requested area variances would cause a substantial detriment.
The Board countered by arguing the definition of "structure" in the zoning code included anything constructed or erected which requires location on the ground. The Board stated that a paved area fits within this definition of a structure and pointed out that the zoning code does not include a separate definition for pavement or parking lot.
On February 7, 2001, the trial court issued its decision and judgment entry. The trial court determined that Akwen did need variances before constructing the restaurant as planned and rejected the argument that Akwen was entitled to the requested variances merely because other businesses received variances or were not required to have variances. The trial court determined there was substantial, reliable, and probative evidence supporting the Board's decision to deny the variances. The trial court denied Akwen's appeal and affirmed the Board's decision.
Akwen assigns the following errors for review:
 "1. The trial court erred in interpreting the city zoning code to require setback variances on plaintiff-appellant's property.
 "2. The trial court's decision to affirm the board of zoning appeals' denial of the required setback variances was not, as a matter of law, supported by reliable, probative and substantial evidence."
 In its first assignment of error, Akwen challenges the trial court's ruling upholding the Board's determination that Akwen was required to comply with setback variances in Ravenna's zoning code. Akwen disputes the interpretation of the term "structure" as found in the code to include a parking lot. Akwen submits that this court adopt a de novo standard of review because the interpretation of the ordinance is a question of law. However, in appeals involving zoning issues, this court has continued to apply the limited standard of review used for administrative appeals. See Conrad v. Babcock (1997), 124 Ohio App.3d 667; Jenisek v. Mentor-On-The-Lake
(Sept. 29, 2000), Lake App. No. 99-L-097, unreported, 2000 Ohio App. LEXIS 4569.
R.C. 2506.04 sets forth the parameters of the common pleas court's reviewing function in an administrative appeal. The statute provides in pertinent part:
 "The [trial] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 When interpreting a regulation or statute, a court will give words the meaning commonly attributed to them, unless a contrary intention appears in the statute or regulation. Pinnacle Woods Survival Game, Inc. v. Hambden Twp. Zoning Inspector (1986), 33 Ohio App.3d 139, 140. In interpreting a zoning ordinance, a court must strictly construe restrictions on the use of real property in favor of the property owner. BP Oil Co. v. Dayton Bd. of Zoning Appeals
(1996), 109 Ohio App.3d 423. This is because "[z]oning regulations are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled." Saunders v. Clark Cty. Zoning Dept. (1981), 66 Ohio St.2d 259, 261. Ambiguities in zoning provisions which restrict the use of one's land must be construed against the zoning resolution because the enforcement of such a provision is an exercise in police power that constricts property rights. Freedom Twp. Bd. of Zoning Appeals v. Portage Cty. Bd. of Mental Retardation and Developmental Disabilities
(1984), 16 Ohio App.3d 387, 390.
This assignment of error centers on the interpretation of "structure" in Ravenna's Zoning Code. "Structure" is defined to mean "anything constructed or erected which requires location on the ground, including signs and billboards, but not including fences or walls used as fences." The Board determined that a parking lot is constructed on the ground and qualifies as a structure under the Zoning Code, subjecting a parking lot to setback requirements. The trial court found this determination was supported by a preponderance of the evidence. Clearly, a parking lot is constructed and will be located on the ground. Based upon this court's limited review, we cannot find the trial court's decision was not supported by a preponderance of the evidence as a matter of law. Akwen's first assignment of error is overruled.
In its second assignment of error, Akwen disputes the trial court's decision to affirm the Board's denial of its request for variances. Akwen asserts the decision was not supported by reliable, probative, and substantial evidence.
The standard of review applied by the trial court in an administrative appeal is whether the decision of the administrative entity is supported by a preponderance of reliable, probative, and substantial evidence in the record to support the administrative agency's decision. Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party. C. Miller Chevrolet, Inc. v. Willoughby Hills (1974),38 Ohio St.2d 298, paragraph two of the syllabus. The trial court must give deference to the agency's resolution of evidentiary conflicts.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. The court of common pleas may not substitute its judgment for that of the agency, especially in areas of administrative expertise. Community ConcernedCitizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 456.
The role of an appellate court is even more limited in scope. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the court of common pleas is not supported by a preponderance of substantial, reliable, and probative evidence. Kisil, supra, at 34. While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. Battaglia v. Newbury Twp. Bd. of Zoning Appeals (Dec. 8, 2000), Geauga App. No. 99-G-2256, unreported, 2000 Ohio App. LEXIS 5755.
On the face of the record before us, we cannot say, as a matter of law, that the trial court's decision lacks the requisite evidentiary support in the record. The substitution of our opinion for that of the trial court's judgment is neither warranted or appropriate. Therefore, Akwen's second assignment of error is without merit.
The decision of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.